UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JESSE OLIVER KENLEY, Jr., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 13-50-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHANNON WITHERS, Acting Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jesse Oliver Kenley, Jr. is currently confined in the United States Penitentiary – McCreary in Pine Knot, Kentucky.[1]  Proceeding without counsel, Kenley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [Record No. 1]  Having reviewed the petition, the Court will deny the relief requested.

In conducting the initial review of this matter, the Court must deny the relief sought if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).  However, the Court evaluates Kenley's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the

---

1       When Kenley filed this proceeding, J. C. Holland was the warden of USP – McCreary.  The Court takes judicial notice that the current Acting Warden of USP-McCreary is Shannon Withers.  Accordingly, the Clerk of the Court will be directed to substitute Shannon Withers as the Respondent in this proceeding.

Court accepts Kenley's factual allegations as true, and construes his legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## I.

Kenley was charged with robbery, conspiracy, and witness tampering in the United States District Court for the Middle District of Pennsylvania. *United States v. Kenley*, No. 1: 06-CR-09-SHR-1 (M.D. Pa. 2006). On January 4, 2006, Kenley pleaded guilty to these charges in exchange for the termination of criminal proceedings in the Dauphin County Court of Common Pleas. The district court accepted Kenley's guilty plea after conducting an extensive colloquy in which it explained to Kenley the legal elements of the crimes charged and the rights he was surrendering.

On May 10, 2006, Kenley filed a motion to withdraw his guilty plea. After conducting two hearings on the motion, the court denied the requested relief on July 6, 2006. During the sentencing hearing held on July 18, 2006, the Court sentenced Kenley to a combined prison term of 420 months, followed by three years of supervised release. Kenley appealed his conviction and sentence. However, on November 6, 2008, the Court of Appeals for the Third Circuit affirmed the denial of Kenley's motion to withdraw his guilty plea. *United States v. Kenley*, 299 F. App'x 184 (3d Cir. 2008), *cert. denied*, 129 S. Ct. 2410 (2009).

Thereafter, on September 18, 2009, Kenley filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Kenley alleged that he had received ineffective assistance of counsel during his federal criminal proceeding. Additionally, he asserted that the prosecutor had engaged in misconduct by: (1) failing to produce discovery; (2) violating the terms of the proffer

agreement; and (3) causing his wife to testify against him in violation of the spousal privilege. The district court denied Kenley's § 2255 motion on January 7, 2010, and the Court of Appeals affirmed. *United States v. Kenley*, 440 F. App'x 78 (3d Cir. 2011).

## II.

Kenley filed the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 8, 2013. [Record No. 1] In his petition, he asserts that he is actually innocent of the federal witness tampering charge. Kenley alleges that the prosecutor told the grand jury that Alicia Kenley was his ex-wife instead of his wife, and then compelled Alicia Kenley to testify against him in violation of the spousal privilege. Kenley is essentially alleging that the Assistant United States Attorney violated his right to due process in violation of the Fifth Amendment to the United States Constitution.

Second, Kenley claims that during various stages of the proceeding, his trial counsel rendered ineffective assistance in violation of the Sixth Amendment to the United States Constitution, rendering his guilty plea unintelligent and involuntary. Regarding this claim, Kenley contends that his trial counsel: (1) failed to review with him the Information prior to his entering the guilty plea, and that accordingly, he was uninformed about the criminal charges to which he pleaded guilty, (2) incorrectly informed him that by pleading guilty to the federal offenses, he would receive a sentence between 140-175 months; and (3) incorrectly assured him that he would serve his sentence in a federal prison in Pennsylvania, near his family. Kenley seeks an order nullifying his guilty plea and setting aside his 420-month sentence.

### III.

A federal prisoner may file a § 2241 petition in the district where he is incarcerated if he is challenging the execution of his sentence, *i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). In his petition, Kenley is not challenging the execution of his sentence. Rather, he continues to challenge the constitutionality of his underlying conviction for robbery, conspiracy, and witness tampering. However, 28 U.S.C. § 2255(a) provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

Kenley's Fifth and Sixth Amendment claims do not fall within this exception. In the direct appeal of his conviction, Kenley argued that the prosecutor violated his due process rights by improperly requiring Kenley's wife to testify against him at the grand jury. The Third Circuit rejected that claim, explaining that "Kenley's marital privilege claim does not advance his

-4-

factual innocence claim inasmuch as Kenley's ex-wife chose not to assert her marital-privilege right when subpoenaed to testify." *Kenley*, 299 F. App'x at 187.  Kenley raised the same claim in his § 2255 motion, but the sentencing court dismissed it, noting that the "issue was addressed in a prior opinion of this court and affirmed by the court of appeals. . . There was no spousal immunity violation." *United States v. Kenley*, No. 1:CR-06-009, 2010 WL 95098, at *2 n.1 (M.D. Pa. Jan. 7, 2010).  Kenley then filed a motion seeking relief under Rule 60(b) asserting the same claim, but the trial court again concluded that "[t]his issue of marital privilege has previously been addressed and ruled adversely to Kenley." *United States v. Kenley*, No. 1:CR-06-009, 2012 WL 2389867, at *1 (M.D. Pa. June 18, 2012).

In his § 2241 petition, Kenley has recycled the same prosecutorial misconduct claim which he unsuccessfully asserted both on direct appeal and in his previous § 2255 motion.  The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on that claim. *Charles*, 180 F.3d at 756-758; *see Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002).  The fact that Kenley was unsuccessful on this issue on direct appeal, in his § 2255 motion, and in subsequent proceedings does not entitle him to relief under § 2241.  *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not [] available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.").

Additionally, Kenley's claim of actual innocence for the charge of witness tampering fails as a matter of law.  [Record No. 1, p. 5]  A prisoner proceeding under § 2241 can implicate the

savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). Kenley alleges that he is actually innocent of witness tampering because the prosecutor compelled Alicia Kenley to testify against him in violation of the spousal privilege. However, as discussed above, the Third Circuit rejected this claim on direct appeal, and a federal court in a post-conviction proceeding is entitled to "rely on the factual conclusions made by an appellate court in the same case." *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001). Further, Kenley has failed to point to a new rule of law made retroactive by the Supreme Court which would support his claim.

Kenley's Sixth Amendment ineffective-assistance claims also fail. In his § 2255 motion, Kenley alleged that because his counsel failed to review the Information with him, he entered an uninformed guilty plea. However, the sentencing court rejected that claim. *See Kenley*, 2010 WL 95098, at *2-3. The Third Circuit agreed, finding that counsel's "advice to Kenley was driven by the desire to avoid a potential death penalty case." *Kenley*, 440 F. App'x at 81. The fact that the sentencing and appellate courts previously rejected this claim does not render the remedy available under § 2255 inadequate or ineffective. As a result, Kenley cannot pursue this claim in his § 2241 proceeding.

In his current petition, Kenley asserts two new Sixth Amendment claims, neither of which has merit. First, he alleges that, prior to entering his guilty plea, his counsel promised him he would be confined in a Bureau of Prisons ("BOP") facility in Pennsylvania. This claim fails

because neither Kenley's trial counsel nor the presiding judge in his federal criminal proceeding had the authority to make any binding promises regarding where Kenley would serve his federal sentence.  While a federal judge may recommend in a criminal judgment that a defendant placed in a particular BOP facility, the ultimate determination is made by the the Attorney General, through the BOP.  *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.").  Congress has vested the BOP "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoner."  *Halka v. Shartle*, No. 3:10 CV 1238, 2010 WL 2730936, at *4 (N.D. Ohio July 9, 2010) (internal quotation marks omitted).  Therefore, Kenley's Sixth Amendment claim on this issue fails.

Second, Kenley claims that he received ineffective assistance of counsel because his counsel advised him that his sentence would be 140-175 months imprisonment, yet the sentence imposed was much greater.  He asserts that because of his counsel's incorrect advice, he agreed to an "unknowing/unintelligent guilty plea."  [Record No. 1, p. 6]  However, Kenley did not assert this claim in his § 2255 motion, even though he was or should have been aware of the grounds for the claim when he filed his §2255 motion.  Kenley may not use § 2241 to make an end-run around § 2255's procedural hurdles.  *See Charles*, 180 F.3d at 756.

In summary, Kenley now re-asserts two Fifth and Sixth Amendment claims which were previously rejected as groundless, in hopes of obtaining a favorable result in this case.  Additionally, he failed to assert one of his two new claims in his § 2255 motion when he should

have done so, and his other new claim lacks merit. The burden is on the § 2241 petitioner to establish that the remedy under § 2255 was inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003). Here, Kenley has not carried his burden of showing that his remedy under § 2255 was inadequate to challenge his federal conviction.

## IV.

Kenley has not demonstrated that he is entitled to relief under 28 U.S.C. § 2241. Accordingly, it is hereby

**ORDERED** as follows:

1.     The Clerk of the Court shall substitute Shannon Withers, the Acting Warden of USP-McCreary, as the respondent to this proceeding, in place of former Warden J. C. Holland.

2.     Petitioner Jesse Oliver Kenley, Jr.'s petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

3.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.     Judgment shall be entered this date in favor of the Respondent.

This 28th day of May, 2013.



Signed By:

*Danny C. Reeves* DCR

United States District Judge